WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnathan T. Hernandez, | No. CV-16-2727-PHX-SPL (DMF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | |
| Respondents. | |

**TO THE HONORABLE STEVEN P. LOGAN, U.S. DISTRICT JUDGE:**

On August 11, 2016, Petitioner Johnathan T. Hernandez ("Petitioner" or "Hernandez") filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) Petitioner currently is confined in the Arizona State Prison Complex, Central Arizona Correctional Facility in Florence, Arizona. (*Id.*) He was convicted after a jury trial on one count of sexual conduct with a minor, and was sentenced to a mitigated term of 18 years imprisonment. (*Id.* at 1-2) Petitioner raises a single ground for relief: that he allegedly received ineffective assistance of counsel ("IAC") in violation of the Sixth Amendment to the U.S. Constitution when his counsel advised him to reject a plea offer based on counsel's advice that Petitioner's mistake as to the victim's age could be asserted as a defense at trial. (*Id.* at 6-8)

Respondents filed their Answer on March 15, 2017. (Doc. 11) Respondents argue that Petitioner's ground for relief fails on the merits. (*Id.* at 7-13) Petitioner filed his Reply on July 10, 2017. (Doc. 18) In his Reply, Petitioner contends that the Arizona

Court of Appeals improperly made evidentiary findings without holding a hearing and unreasonably applied the *Strickland* standard to Petitioner's IAC claim. (Doc. 18 at 7-18)

For the reasons set forth below, the Magistrate Judge recommends that this Court deny the Petition for Writ of Habeas Corpus and dismiss this action with prejudice.

## I. BACKGROUND

### A. Petitioner's Indictment, Jury Trial, and Sentence

In its Memorandum Decision on Petitioner's direct appeal, the Arizona Court of Appeals set forth the following facts:[1]

> The father of the thirteen-year-old victim called the police after he discovered that Hernandez had engaged in sexual relations with his child. After the police conducted an investigation, Hernandez was subsequently indicted for two counts of sexual conduct with a minor and one count of child prostitution, all class 2 felonies and dangerous crimes against children.
>
> During trial, the victim testified that Hernandez sent her a text message and offered her $1500 if he could perform oral sex on her. He picked her up at a Safeway store and drove her to a motel in Tolleson. She testified that he took off her clothes, and after she was on the bed, put his penis in her vagina. She saved the underwear she was wearing and later gave it to the police.
>
> A criminalist from the Department of Public Safety ("D.P.S.") crime lab testified that she found sperm in the crotch area of the victim's underwear and preserved the DNA for analysis. Additionally, a forensic biochemist from the D.P.S. crime lab testified that the DNA found on the victim's underwear matched Hernandez's DNA sample at twelve locations.
>
> Hernandez testified on his own behalf. He offered his version of the events but specifically denied having intercourse with the thirteen-year-old. Despite his testimony, the jury found him guilty of one count of sexual abuse of a minor by having sexual intercourse with the victim, and that the

---

[1] *See* 28 U.S.C. § 2254(e)(1) (stating that "a determination of factual issues made by a State court shall be presumed to be correct."); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (according the Arizona Supreme Court's statement of facts "a presumption of correctness that may be rebutted only by clear and convincing evidence") (citing 28 U.S.C. § 2254(e)(1) and *Moses v. Payne*, 555 F.3d 742, 746 n.1 (9th Cir. 2009)).

> victim was under the age of fourteen. The jury, however, found him not guilty of the second count (digital penetration) and was unable to reach a verdict on the child prostitution charge. Hernandez was subsequently sentenced to a slightly mitigated term of eighteen years in prison. He received 431 days of presentence incarceration credit.

(Doc. 11-1 at 8)

### B. Petitioner's Direct Appeal

On direct appeal to the Arizona Court of Appeals, Petitioner's appointed counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that after reviewing the record she had been unable to identify arguable questions of law, and requesting the court of appeals to conduct an *Anders* review.[2] (Doc. 11-1 at 7) Petitioner did not file a supplemental brief. (*Id.*)

After reviewing the record, the Arizona Court of Appeals failed to find any error, "much less fundamental error." (*Id.* at 9) The court noted that the proceedings had complied with the Arizona Rules of Criminal Procedure, Petitioner had been represented by counsel at all stages of the proceedings, and the sentence he received was within the statutory range, but that he was entitled to one additional day of presentence incarceration credit. (*Id.* at 8-9) Moreover, the court found the evidence supported Petitioner's conviction, and specifically mentioned that Petitioner admitted having been in the motel with his victim, and that the jury had decided whether to believe the testimony of Petitioner or his victim as to whether he had sexual intercourse with her. (*Id.* at 9) Petitioner did not request review in the Arizona Supreme Court. (Doc. 1 at 3)

### C. Petitioner's Post-Conviction Relief Action

Hernandez filed a petition for post-conviction relief ("PCR") in the trial court, through counsel. (Doc. 11-4) He asserted the same issue that is presented here, and requested an evidentiary hearing. (*Id.* at 90) Petitioner argued that he was misled by his

---

[2] Once appointed counsel files a brief identifying "anything in the record that might arguably support the appeal," and the defendant is allowed time to "raise any points that he chooses," *Anders* requires an appellate court to review the record "to decide if the case is wholly frivolous." *Anders*, 386 U.S. at 744.

- 3 -

trial counsel, and relied on counsel's advice that he qualified for a defense predicated on his belief that his victim was 18 years old, although in fact she was only 13. (Doc. 11-4 at 101-105) Petitioner contends he suffered prejudice resulting from the alleged ineffective representation when he relied on counsel's advice to reject a plea agreement and to proceed instead with a trial. (*Id.* at 102)

The superior court noted that Petitioner, his wife, and his mother each averred in affidavits that Petitioner declined to accept a plea agreement based on his counsel's advice that he could assert a viable defense based on his belief that the victim was 18 years old, and that she had consented to the sexual act charged. (*Id.* at 110) However, the court also noted that Petitioner and his parents attended the settlement conference, that the transcript for the conference documented Petitioner had been informed that consent was not a defense in his case, and that Petitioner's trial defense was not based on his belief of the victim's age. (*Id.*) The court explained that defense counsel pursued a defense of innocence at trial, and that counsel did not seek a jury instruction on petitioner's "belief that the victim was eighteen was a defense to sexual conduct with a minor." (*Id.* at 111) The court also indicated the trial transcript documented defense counsel declaring "I don't think we've made any argument, whatsoever, or really submitted any evidence as to what my client's opinion of her age or what her—or what his thoughts of her age was at any time during the incident." (*Id.*) The PCR court further concluded that Petitioner had "faced the same sentencing range after trial that he did in the plea agreement except that the sentence was capped at the presumptive as there were no aggravating factors." (*Id.*) It concluded that Petitioner had failed to present evidence establishing he would have received a lesser sentence by accepting the plea offer, and similarly failed to otherwise demonstrate he had been prejudiced by failing to accept the plea. (*Id.* at 112)

Hernandez petitioned for review in the Arizona Court of Appeals. (*Id*. at 114-130) That court granted review, but denied relief. (*Id.* at 139) The court of appeals concluded that although Petitioner's defense counsel had "attempted to circumvent" the statute limiting the defense of mistaken belief of the victim's age to victims aged fifteen to

seventeen, counsel had "ultimately conceded" this defense did not apply to Petitioner's case, and had "expressly so stated during the settling of jury instructions." (*Id.* at 138) Moreover, the court of appeals held that the PCR court had properly rejected Petitioner's claim that he had refused the plea offer in reliance on defense counsel's erroneous advise that he could "assert as a defense that the victim had told him[,] and he had believed[,] she was eighteen and could, therefore[,] consent to sexual conduct." (*Id.* at 139) The court of appeals held that the PCR court did not abuse its discretion by rejecting this claim without an evidentiary hearing because: (1) Petitioner was told at the settlement conference that the victim's consent was not a defense; (2) his defense at trial was that he did not have sexual contact with the victim, and was not that he had engaged in the charged acts but mistakenly believed she was eighteen years old; and (3) Petitioner was not prejudiced by the rejection of the plea offer because he "would have been required to enter a guilty plea to child prostitution, with a sentencing range of thirteen to twenty-seven years, and guilty pleas to two amended counts of attempted child molestation, requiring two lifetime probation terms." (*Id.*) The court of appeals stated that when a claim is based on affidavits lacking a "'reliable factual foundation'" and "'some substantial evidence' to support it," a court may reject the claim without an evidentiary hearing. (*Id.*, quoting *State v. Krum*, 183 Ariz. 288, 294-95, 903 P.2d 596, 602-03 (1995)).

The Arizona Supreme Court denied Hernandez's petition for review. (*Id.* at 141)

**II. LEGAL FRAMEWORK**

    **A. Ineffective Assistance of Counsel ("IAC")**

Under clearly established federal law on IAC, Petitioner needs to show that his counsel's performance was both objectively deficient, and caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This results in a "doubly deferential" review of counsel's performance. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011). This Court has discretion to determine which *Strickland* prong to apply first. *LaGrand v. Stewart*, 133 F.3d 1253, 1270 (9th Cir. 1998). A habeas court reviewing a claim of IAC must determine "whether there is a reasonable argument that counsel

satisfied *Strickland*'s deferential standard, such that the state court's rejection of the IAC claim was not an unreasonable application of *Strickland*. Relief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 746 F.3d 418, 465-66 (9th Cir. 2014) (internal citations and quotations omitted). In other words, this Court's "pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Petitioner received objectively deficient representation if his counsel "'fell below an objective standard of reasonableness' such that it was outside 'the range of competence demanded of attorneys in criminal cases.'" *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687). To demonstrate prejudice, Petitioner "must show that there [wa]s a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### B. 28 U.S.C. § 2254 Habeas Petition – Legal Standard of Review

On habeas review, this Court can only grant relief if the petitioner demonstrates prejudice because the adjudication of a claim either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This is a "'highly deferential standard for evaluating state court rulings' which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997)).

### III. DISCUSSION

Petitioner's sole ground for relief is that his Sixth Amendment right to effective assistance of counsel was violated when his attorney gave him faulty advice to reject the State's plea offer, based on the incorrect legal theory that he could argue as a defense that

he had held the mistaken belief his victim was 18 years old. (Doc. 1 at 6-8) Respondents oppose this claim on its merits.

### A. Whether Petitioner's IAC Claim is Meritorious

Hernandez argues that his attorney advised him prior to trial, including after his settlement conference, "that based on his reasonable belief that the victim was 18 years of age at the time of the offense[s], he had a valid and recognizable defense at trial." (*Id.* at 7) Petitioner asserts that he rejected the plea offer in reliance on that advice. (*Id.*) Petitioner contends that if his lawyer had known the law, he would have realized that this defense applies under Arizona law only when the victim was between the ages of 15 and 17, and that it was inapplicable to his case because the victim had actually been 13 years old. (*Id.*, citing A.R.S. § 13-1407(B)) Arizona Revised Statutes section 13-1407(B) provides:

> [i]t is a defense to a prosecution pursuant to [the Arizona statutes defining and classifying the crimes of sexual abuse and sexual conduct with a minor] in which the victim's lack of consent is based on incapacity to consent because the victim was fifteen, sixteen or seventeen years of age if at the time the defendant engaged in the conduct constituting the offense the defendant did not know and could not reasonably have known the age of the victim.

A.R.S. § 13-1407(B). Petitioner further contends that had he accepted the plea offer, he would have received a much lighter sentence of "5 years mitigated, 10 years presumptive, or 15 years aggravated." (*Id.* at 8)

As noted, the applicable standard for determining whether Petitioner's defense counsel provided IAC requires Petitioner to show that his counsel's performance was objectively deficient, and also caused him prejudice. *Strickland*, 466 U.S. at 687. In federal habeas review, the Court reviews the state court's last reasoned decision addressing the merits of an issue. *Crittenden v. Ayers*, 624 F.3d 943, 950 (9th Cir. 2010), citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991). In this case, the applicable last reasoned decision was that of the Arizona Court of Appeals' April 8, 2015 memorandum

decision on Hernandez's petition for review of the PCR court's decision. (Doc. 11-4 at 137-139)

In Petitioner's PCR action, the superior court applied the *Strickland* standard in finding that the record did not support either Petitioner's argument that his attorney misled him into rejecting the plea offer, or his contention that he would have received a less severe sentence by taking the plea offer than he eventually received after trial. (*Id.* at 109-112) On review, the Arizona Court of Appeals held that the PCR court's ruling was not an abuse of discretion. (*Id.* at 138-139) The court of appeals determined the record supported the PCR court's findings that: (1) an evidentiary hearing was not required; (2) Petitioner failed to raise a colorable claim asserting his counsel's representation was objectively deficient; and (3) Petitioner was not prejudiced by his rejection of the plea offer. (*Id.*)

*1. State court ruling on Petitioner's counsel's performance*

The Arizona Court of Appeals upheld the PCR court's rejection of Petitioner's contention that he declined to enter the plea offer based on his reliance on his counsel's faulty advice that a defense would be available involving his belief of his victim's age. (*Id.* at 138-139) The court of appeals noted that the transcript of the settlement conference documented the prosecutor had expressly told Petitioner that the victim's consent was not a defense, and that Petitioner's counsel did not assert this defense at trial. (*Id.* at 139) Further, the court emphasized that Petitioner's defense at trial was that Petitioner had no sexual contact with the victim. (*Id.*)

At trial, Petitioner's counsel commented that "there is a real issue in this case as to how old the victim was at that time, and how old she claimed to be at that time," but did <u>not</u> argue that the issue also involved how old Petitioner thought the victim was. (Doc. 11-2 at 14-15) In fact, in his opening statement, Petitioner's counsel told the jury that "one of the biggest issues, if not the biggest issue, is the credibility of the victim." (*Id.* at 12)

Petitioner's counsel adduced testimony that victim lied to her father about having a cell phone prior to the time of her meeting with Petitioner. (*Id.* at 87-88) He also questioned the victim about hiding her use of MySpace from her father by accessing her account only at her friend's house (*Id.* at 90-91), asked the victim's father about circumstances around the time of the alleged sexual abuse when the victim had reportedly lied to him (*Id.* at 157-167), and while cross-examining Detective Merkel, asked the detective if he had considered that the victim might have tampered with a key item of evidence, and if so, whether she might also have been willing to lie about her accusation of rape (Doc. 11-3 at 87-88).

After open court proceedings ended on August 18, 2011, the following colloquy occurred between the trial judge (Q), defense counsel (A) and the prosecutor (A*), beginning with the court's question:

> Q: [Y]ou appear to be arguing that and maybe anticipating the closing argument – that the Defendant, or your client, did not know the victim's age and that's irrelevant under the law.
>
> A: I agree. That's not what I was going to argue. I was going to argue that she lied about her age and I think that is relevant.
>
> A*: And I agree with that.
>
> Q: It goes to her credibility.
>
> A*: I believe he could argue as to her credibility, but I just don't want any argument that somehow the Defendant didn't know or was misled, and therefore, the jury should find him not guilty because he thought he was having sex with an 18-year-old girl.
>
> A: No. Because it's a strict liability case.
>
> Q: It is a strict liability case.
>
> A: The question is not what he knew. The question is how old she was and the question then becomes, I think, relevant to the jury as to whether they heard enough evidence or saw sufficient evidence to determine her age.
>
> Q: Right.

| | |
|---|---|
| 1 | A*: I have no problem with [that]. |
| 2 | (Doc. 11-3 at 146-147) |

At a bench conference, Petitioner's counsel indicated that mistake about a victim's age would be a defense if the victim were 15, 16, or 17 years old, and further stated that it had not been proven yet that the victim had been only 13 at the time of the charged conduct. (Doc. 11-2 at 94-95) The court of appeals characterized this approach as defense counsel's attempt to "circumvent" applicable statutes, and further noted that defense counsel had expressly stated that this defense did not apply to Petitioner's case. (Doc. 11-4 at 138) The record establishes that when discussing jury instructions and whether to include a strict liability instruction about what the Petitioner's opinion was of the victim's age, defense counsel stated that he did not agree with the contention that:

> I, or anybody else during the trial, has made a significant attempt to draw from my client his opinion of her age. I don't think I asked any questions about that whatsoever on my direct. I did ask the one question that, you know, whether she had texted him her age of 18, and all that does is corroborates her testimony. But beyond that fact, I don't think that we've made any argument, whatsoever, or really submitted any evidence as to what my client's opinion of her age was or what her – or what his thoughts of her age was at any time during the incident.

(Doc. 11-3 at 240) Consistent with this approach, in closing argument, defense counsel made the victim's credibility and her motive for allegedly trying to extort money from Petitioner the centerpieces of the defense case. (Doc. 11-4 at 32-34)

On this record, the Magistrate Judge concludes that the state court's rejection of Petitioner's IAC claim was not an unreasonable application of *Strickland*'s performance prong.

### 2. *State court's ruling on whether Petitioner suffered prejudice*

Petitioner was indicted on three counts, as follows: (Count 1) alleging that he "intentionally or knowingly engaged in sexual intercourse or oral sexual contact with . . . a minor under the age of fifteen years, (to wit: sexual intercourse) in violation of A.R.S. §§ 13-1401, 13-1405, 13-3821, 13-610, 13-705, 13-701, and 13-801"; (Count 2) alleging

that he "intentionally or knowingly engaged in sexual intercourse or oral sexual contact with . . . a minor under the age of fifteen years, (to wit: digital penetration in the shower) in violation of" the same statutes listed in Count 1; and (Count 3) alleging that he "knowingly caused . . . a minor under fifteen years of age, to engage in prostitution, in violation of A.R.S. §§ 13-3212, 13-3211, 13-705, 13-701, 13-702, and 13-801." (Doc. 11-1 at 3-4)

At the settlement conference, the superior court judge asked the prosecutor, Mr. Gadow, about any pending plea offer, followed by a question to Petitioner's counsel, Mr. Dossey:

> Q: Mr. Gadow, is there an offer today to resolve the case?
>
> A: There is, Your Honor. The offer is that the Defendant can plead guilty to the child prostitution charge along with the other two charges amended to attempts. The full range is available to the Defendant on the child prostitution, 13 to 27 years at the moment, along with two lifetime probation counts, to follow that with sex offender terms and registration. . . .
>
> Q: All right. Thank you. Mr. Dossey, is there anything you'd like to add or clarify?
>
> A: I'd just like to ask in regard to the plea offer, the [Department of Corrections] sentence is basically a "no agreements" – offer at this point?
>
> Q: At this point it's a "no agreements" offer, no specific range, but the statutory structure.

(Doc. 11-1 at 19-20)

At trial, the jury found Petitioner guilty of the Count 1 charge of sexual conduct with a minor, which involved sexual intercourse. (Doc. 11-4 at 56) The jury found Petitioner not guilty of the Count 2 charge of sexual conduct with a minor, involving digital penetration in the shower. (*Id.*) The jury was unable to reach agreement on the Count 3 charge involving an allegation of child prostitution. (*Id.* at 57)

At sentencing, the superior court dismissed Counts 2 and 3 without prejudice. (*Id.* at 70) The State argued for a sentence of the presumptive term of 20 years and noted that

such a term was the maximum permitted, as the State did not "do aggravators at the trial." (*Id.*) Petitioner's attorney urged the minimum possible term of 13 years. (*Id.* at 76-77)

The U.S. Supreme Court has instructed that where a defendant alleges IAC leading to the rejection of a plea offer, a defendant will show prejudice when he demonstrates that:

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Although Petitioner declares that he would have accepted the plea offer absent defense counsel's misadvice, this declaration is contrasted with Petitioner's consistent statements through sentencing, that he did not have sexual contact with the victim. The court of appeals reasonably relied on this circumstance in finding that the defense strategy at plea negotiations and at trial was intended to be, and was, that Petitioner did not engage in the charged acts. (Doc. 11-4 at 138-139)

Most importantly, however, is Petitioner's inability to demonstrate prejudice, such that if he had accepted the plea offer he would have received a less severe sentence than the sentence that was imposed after his conviction. Petitioner appears to concede his predicament by arguing, without any evidentiary support, that if his defense counsel "had been effective, he would have negotiated a more favorable plea deal than the only one offered by the prosecution." (Doc. 18 at 14) The state court of appeals reasonably found that the record supported the finding that, because the sentencing range for the child prostitution count included in the plea offer was the same as the range for the count on which he was convicted, Petitioner had not shown he was prejudiced by rejecting the plea offer.

### *3. Conclusion*

In reviewing a state court's resolution of an ineffective assistance of counsel claim, the Court considers whether the state court applied *Strickland* unreasonably:

> For [a petitioner] to succeed [on an ineffective assistance of counsel claim], ... he must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner.

*Bell v. Cone*, 535 U.S. 685, 698-99 (2002) (citations omitted); *see also Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) ("Under § 2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.") (citations omitted). The Court finds that the state court's rejection of the claim set forth in the Petition was neither contrary to, nor an unreasonable application of federal law, nor an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. As such, the Court will recommend that the Petition be denied and dismissed.

### B. Petitioner's Request for an Evidentiary Hearing

Petitioner asserts that he is entitled to an evidentiary hearing in this habeas action because he has asserted a colorable IAC claim for relief, and he has not been accorded a state or federal evidentiary hearing on this claim. (Doc. 18 at 12, citing *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005)) To establish a colorable claim, a petitioner must "'allege specific facts which, if true, would entitle him to relief.'" *Earp*, 431 F.3d at 1167 n.4. Because Petitioner's claim alleges IAC, he must assert a colorable claim on both prongs of *Strickland*. *Stokley v. Ryan*, 659 F.3d 802, 811 (9th Cir. 2011). Under the *Strickland* standard, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. *Strickland*, 466 U.S. 668 at 687–88. As is discussed above, Petitioner clearly has not asserted a colorable claim on the prejudice prong of the *Strickland* test, and on that basis alone he is not entitled to an evidentiary hearing. *See Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000), quoting *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") For the same reason, the state court acted reasonably in refusing Petitioner's requests for evidentiary hearing on this claim.

**IV. CONCLUSION**

For the reasons set forth above, the Magistrate Judge concludes that the Petition fails on the merits. Therefore, the Magistrate Judge recommends that the Petition be denied and dismissed with prejudice.

Accordingly,

**IT IS THEREFORE RECOMMENDED** that Johnathan T. Hernandez's Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir.

2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 27th day of October, 2017.

_____
David K. Duncan
United States Magistrate Judge

*Magistrate Judge Duncan signing for Magistrate Judge Fine